UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAULA SARDINAS, individually, and on behalf of her minor child, G.M.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>Defendants. | CASE NO. 19-0257JLR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A JURY DEMAND |

## I. INTRODUCTION

Before the court is Plaintiffs Paula Sardinas and G.M.'s (collectively "Plaintiffs") motion for leave to file a jury demand. (Mot. (Dkt. # 9).) Defendant United Airlines, Inc. ("United") opposes the motion. (Resp. (Dkt. # 13).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being

//

//

ORDER - 1

fully advised,[1] the court DENIES Plaintiffs' motion.

## II.  BACKGROUND

Ms. Sardinas is the mother of G.M., a minor child.  (*See* Compl. (Dkt. # 1-1) ¶¶ 3-4.)  Plaintiffs commenced this action in King County Superior Court on January 17, 2019, alleging that United, as well as John and Jane Does 1-10, who were members of the flight crew on United Flight 1695, were negligent and indifferent towards G.M.'s safety by allowing a passenger to sexually assault G.M. on the flight.  (*Id.* ¶¶ 2, 16-17.)  The state court set a jury demand filing deadline for October 7, 2019.  (Daheim Decl. (Dkt. # 10) ¶ 2, Ex. 1.)  On February 22, 2019, United removed the case to this court.  (Not. of Rem. (Dkt. # 1).)  On March 1, 2019, the court set a schedule for the parties' initial disclosures, Rule 26(f) discovery conference, and joint status report.  (Scheduling Order (Dkt. # 6).)  The same day, United filed its answer.  (Answer (Dkt. # 8).)

On March 14, 2019, Plaintiffs sent United a draft joint status report.  (Daheim Decl. ¶ 8.)  This draft indicated that Plaintiffs intended to seek a jury trial.  (*Id.*, Ex. 4 at 31.)[2]  On March 31, 2019, United returned the draft joint status report to Plaintiffs with proposed revisions.  (Jorgensen Decl. (Dkt. # 14) ¶ 6; Daheim Decl. ¶ 10.)  According to United, because "neither party filed a jury demand by March 15," United revised the answer to "Non-Jury or Jury Trial" from "Jury" to "Non-Jury."  (Jorgensen Decl. ¶ 6; *see*

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] When citing the Daheim declaration exhibits, the court cites the page numbers provided by the court's electronic filing system.

*also* Daheim Decl. ¶ 10, Ex. 5 at 38.)  On April 1, 2019, United told Plaintiffs that it believed Plaintiffs had failed to timely file a jury demand.  (Daheim Decl. ¶ 11, Ex. 3 at 18-20.)

Plaintiffs filed the present motion on April 2, 2019, arguing that they did not waive their right to a jury and that, in the event they did, the court could exercise its discretion to relieve such waiver.  (*See generally* Mot.; Reply (Dkt. # 15).)  In response, United argues that the court should deny the motion because Plaintiffs' jury demand is untimely and because it would be improper for the court to use its discretion to relieve Plaintiffs' waiver under the circumstances.  (*See generally* Resp.)  The court now addresses the motion.

### III.  ANALYSIS

**A.  Legal Standards**

The right to a jury trial in a civil lawsuit is fundamental.  *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937).  However, a party may waive the right if it fails to timely file and serve a jury demand.  Fed. R. Civ. P. 38(d); *see, e.g.*, *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1530 (9th Cir. 1995).  Rule 38 governs the timing of jury demands in federal court and requires parties to make any written demand for a jury "no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b).  But, in the context of a removed case, Rule 81(c)(3) also applies and provides exceptions to Rule 38's timeline.  Fed. R. Civ. P. 81(c)(3).

Read together, the Rules present four scenarios for filing timely jury demands in removed cases.  First, no jury demand is necessary after removal when a party expressly

and properly demanded a jury trial prior to removal. Fed. R. Civ. P. 81(c)(3)(A). Second, if the state court from which the case was removed did not require an express jury demand, a party need not make a jury demand after removal unless and until the court so orders. *Id.* Third, if state law requires an express jury demand and all the necessary pleadings have been served at the time of removal, a party must make the jury demand in federal court within 14 days of filing or service of a notice of removal. Fed. R. Civ. P. 81(c)(3)(B). Fourth, if state law requires an express jury demand and all the necessary pleadings have not been served at the time of removal, a party must make the jury demand within 14 days of service of the last pleading directed to the issue. *See* Fed. R. Civ. P. 38(b); *Pac. Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 n.2 (9th Cir. 2001).

**B.      Plaintiffs' Jury Demand Requirement**

The first scenario discussed above does not apply because Plaintiffs did not expressly demand a jury trial in state court prior to removal. Fed. R. Civ. P. 81(c)(3)(A); (*see generally* Mot.; Daheim Decl.) Likewise, the third scenario is inapplicable because all the necessary pleadings had not been served at the time of removal. *See* Fed. R. Civ. P. 81(c)(3)(B). An answer is a necessary pleading. *See, e.g.*, *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1063 (9th Cir. 2005) (noting that "[b]ecause [the defendant] had not filed its answer before it removed the case, [the plaintiff] was entitled to demand a jury trial at any time until ten days after she was served with the answer").[3] And, as

---

[3] In *Lutz* and *Pacific Fisheries Corp.*, the Ninth Circuit analyzed the previous versions of Federal Rules of Civil Procedure 38 and 81(c), which provided only 10 days to demand a jury

discussed, United did not file its answer until March 1, 2019, after it removed the case on February 22, 2019. (*See* Answer; Not. of Rem.)

Plaintiffs, however, argue that their jury demand is timely under the second scenario, which is expressed in the second sentence of Rule 81(c)(3)(A). (*See* Mot. at 9-10; Reply at 2); Fed. R. Civ. P. 81(c)(3)(A). The second sentence of Rule 81(c)(3)(A) reads: "If the state law *did not* require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Fed. R. Civ. P. 81(c)(3)(A) (emphasis added). The parties do not dispute that Washington law requires an express jury demand "at or prior to the time the case is called to be set for trial." (*See* Resp. at 6; Reply at 2); *see also* Wash. State Court Civil Rules CR 38(b); *id.* CR 38(d) (stating that the failure to pay the jury fee and serve and file a jury demand as required by the rule constitutes a waiver of trial by jury). According to Plaintiffs, the language of Rule 81(c)(3)(A) means that, because state law "did not" require them to demand a jury before United removed the case, the parties did not have to demand a jury in federal court until the court ordered the parties to do so. (*See* Reply at 2.) Plaintiffs' interpretation of Rule 81(c)(3)(A) is incorrect.

The application of the second sentence of Rule 81(c)(3)(A) depends neither on the timing of the state court's jury demand requirements nor the stage of the state court proceedings; rather, the only question is whether the state court ever requires an express

---

after the last necessary pleading. *See Lutz*, 403 F.3d at 1063; *Pac. Fisheries Corp.*, 239 F.3d at 1002 n.2. Rules 38 and 81(c) were amended in 2009, extending the 10-day deadline to 14 days. *See* Fed. R. Civ. P. 38, Advisory Committee Notes, 2009 Amendment; Fed. R. Civ. P. 81, Advisory Committee Notes, 2009 Amendment.

demand to preserve a party's jury trial right. *See, e.g.*, *William J. Mouren Farming, Inc. v. Phillips 66 Pipeline, LLC*, No. 1:18-CV-00404-DAD-BAM, 2018 WL 3615849, at *3 (E.D. Cal. July 26, 2018) (citing *Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) *overruled on other grounds by Unelko Corp. v. Rooney*, 912 F.2d 1045, 1052-53 (9th Cir. 1990)); *Ortega v. Home Depot U.S.A., Inc.,* No. CIV. 2:11-1921 WBS GGH, 2012 WL 77020, at *3 (E.D. Cal. Jan. 10, 2012); *see also RH Smith Distrib. Co., Inc. v. Zurich Am. Ins. Co.,* No. CV-13-3033-RMP, 2013 WL 11879689, at *2 (E.D. Wash. Aug. 12, 2013) (rejecting plaintiff's request to interpret Rule 81(c)(3)(A) "to mean that a demand need not be filed in federal court, absent a court order, where a demand was not due in the state court at the time of removal, even if a demand would ultimately have to be filed"). In short, courts in this Circuit have rejected the emphasis that Plaintiffs place on Rule 81(c)(3)(A)'s use of the past tense "did."[4] Thus, the second scenario specified in Rule 81(c)(3)(A) does not relieve Plaintiffs of the 14-day deadline.

This leaves only the fourth scenario: in a state that requires an "express demand," when all the necessary pleadings have not been served at the time of removal, a party

---

[4] This point is underscored by the language of Rule 81(c) prior to its 2007 amendment. The pertinent section of Rule 81(c) previously read:
> If state law applicable in the court from which the case is removed *does not* require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.

Fed. Rule Civ. P. 81(c) (2006) (amended 2007) (emphasis added).

This amendment was part of a general restyling of the rules and was "intended to be stylistic only." Fed. R. Civ. P. 81 Advisory Committee Notes, 2007 Amendments. Courts have determined that the Rule 81(c)'s application did not change after this stylistic amendment. *Compare Keatley v. Food Lion, Inc.*, 715 F. Supp. 1335, 1338 (E.D. Va. 1989), *with Tetravue Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 14-CV-2021 W (BLM), 2018 WL 1185216, *1-2 (S.D. Cal. Mar. 7, 2018).

must make its jury demand within 14 days of service of the last necessary pleading.  *See* Fed. R. Civ. P. 38(b); *Pac. Fisheries Corp.*, 239 F.3d at 1002 n.2.  That is precisely the circumstance of this case.  Accordingly, Plaintiffs were required to file a jury demand within 14 days of service of United's answer.  *See* Fed. R. Civ. P. 38(b).  United filed its answer on March 1, 2015.  (*See* Answer.)  Thus, Plaintiffs' jury demand was due March 15, 2019.  *See* Fed. R. Civ. P. 38(b).

**C.     Plaintiffs Did Not Timely File a Jury Demand**

It is undisputed that Plaintiffs did not file a jury demand by March 15, 2019, that satisfied the formal requirements of Rule 38(b).  Fed. R. Civ. P. 38(b); (*see* Resp. at 2; *see generally* Mot.)  But, Plaintiffs endeavor to classify their March 14, 2019, draft joint status report—sent via email to United—as a jury demand sufficient under Rule 38(b).  (*See* Mot. at 8; Reply at 3.)  In support, Plaintiffs state that the court should "indulge every reasonable presumption against waiver" of the jury trial right.  (*See* Mot. at 7 (quoting *Lutz*, 403 F.3d at 1064).)  Further, Plaintiffs cite *Northland Communications Corp. v. MTV Networks*, No. C05-0796RSM, 2006 WL 559121, at *2 (W.D. Wash. Mar. 6, 2006), where the court determined that a jury request in a joint status report satisfied Rule 38(b).  (Mot. at 8.)

*Northland Communications Corp.* is distinguishable from the present case.  In *Northland Communications Corp.*, the parties filed with the court a joint status report that requested a jury within Rule 38's deadline.  2006 WL 559121, at *1.  On these facts, the court found that the jury demand was "sufficient to alert the Court of the trial method desired" within the deadline provided by Rule 38.  *Id.* at *2.

Here, in contrast, Plaintiffs' March 14, 2019, joint status report was merely a draft circulating between the parties. (*See* Daheim Decl. ¶ 8.) Although the draft joint status report may have put United on notice that Plaintiffs intended to seek a jury trial, Plaintiffs filed nothing on the court's docket prior to the March 15, 2019, deadline that was "sufficient to alert the Court of the trial method desired." (*See* Dkt.); *see also Lutz*, 403 F.3d at 1065 (stating that the purpose of a jury demand is to provide notice to opposing counsel and the trial court). Thus, Plaintiffs waived their right to a jury trial because they failed to make a timely jury demand pursuant to Rule 38. Fed. R. Civ. P. 38(d).

**D.  The Court's Discretion Under Rule 39(b)**

Plaintiffs ask the court to exercise its discretion under Rule 39(b) to relieve their waiver. (Mot. at 6-10.) Relief from waiver of the jury right is available under Rule 39(b). Fed. R. Civ. P. 39(b) ("[T]he court may, on motion, order a jury trial on any issue for which a jury might have been demanded."). However, a district court's discretion under Rule 39(b) is "narrow," and "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *See Pac. Fisheries Corp.*, 239 F.3d at 1002 (citing *Mardesich v. Marciel,* 538 F.2d 848, 849 (9th Cir. 1976)). In the Ninth Circuit, "an untimely jury demand due to legal mistake does not broaden the district court's narrow discretion to grant the demand" because "[a] good faith mistake of law is no different than inadvertence or oversight." *Id.* at 1002-03; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002). Additionally, the Ninth Circuit considers a good faith misinterpretation of Rule 81(c)(3) to be oversight or inadvertence. *See Pac. Fisheries Corp.*, 239 F.3d at 1002; *Beckham v. Safeco Ins. Co. of Am.,* 691 F.2d

898, 905 (9th Cir. 1982) (determining that a mistaken belief that no demand was necessary under Rule 81(c) was "nothing more than inadvertence and neglect").

Plaintiffs cite case law from other circuits to argue that the court's discretion under Rule 39(b) is broad. (*See* Mot. at 6-7; Reply at 3-4.) Plaintiffs also cite *Levias v. Pacific Maritime Ass'n*, No. C08-1610JPD, 2010 WL 431884, at *1 (W.D. Wash. Jan. 27, 2010), contending that courts in the Western District of Washington "consistently exercise[] discretion in granting motions under Rule 39(b)." (Reply at 4 (discussing *Levias*, 2010 WL 431884, at *1).)

Plaintiffs overstate the weight of authority in this district. *See, e.g.*, *Lott v. Anderson*, No. C14-0260JCC, 2014 WL 6471777, at *8 (W.D. Wash. Nov. 18, 2014) (denying a motion for a jury trial because the failure to timely file a jury demand was oversight); *Hendrickson v. Riedell Shoes, Inc.,* No. C13-5006RJB, 2013 WL 12145955, at *2 (W.D. Wash. Apr. 8, 2013) (granting a motion to strike a jury demand because unfamiliarity with federal jury demand requirements was inadvertence or neglect). Moreover, *Levias* is distinguishable from this case. In *Levias*, the court permitted the original plaintiff's jury demand despite admitting that it would "normally decline to exercise its discretion under Rule 39(b)" under the circumstances. 2010 WL 431884, at *7 (citing *Pac. Fisheries Corp.*, 239 F.3d at 1002). The court did so because it was permitting a second, late-arriving plaintiff to file a jury demand pursuant to Rule 39(b) so as to not "unfairly penalize" him for the original plaintiff's mistake, and because the court wanted to avoid a situation where it would decide the issues of fact for one plaintiff
//

while a jury decided them for the other. *Id.* at *7-8. No similar circumstances or concerns are present in this case.

Finally, the *Levias* court relied on *Johnson v. Dalton*, 57 F. Supp. 2d 958, 960-61 (C.D. Cal. 1999), a case in which a district court admittedly contravened Ninth Circuit authority and relied on cases in other circuits to permit a jury trial despite an untimely demand due to inadvertence. *See* 2010 WL 431884, at *6. The *Johnson* decision came years prior to the Ninth Circuit's *Pacific Fisheries* decision, which reaffirmed a court's "narrow" discretion under Rule 39(b). *See Pac. Fisheries Corp.*, 239 F.3d at 1002. Moreover, courts in this Circuit have not widely adopted the *Johnson* court's approach to Rule 39(b). *See Gonzalez v. Target Corp.*, No. 2:13-CV-01615-KJM-AC, 2014 WL 2548726, at *4 (E.D. Cal. June 5, 2014) ("declin[ing] to follow *Johnson*" because its exercise of Rule 39(b) discretion was "in contravention of controlling Ninth Circuit authority, and the *Johnson* court admitted as much").

Plaintiffs' failure to timely file a jury demand is a result of their good faith mistake of law—*i.e.*, inadvertence or oversight—that they did not have to do so prior to March 15, 2019. *See Pac. Fisheries Corp.*, 239 F.3d at 1002-03; (Mot. at 9-10.) Although the court appreciates Plaintiffs' desire for a jury (*see* Reply at 4), the court's discretion is confined by Ninth Circuit precedent, *see RH Smith Distrib. Co., Inc.*, 2013 WL 11879689, at *2. Thus, the court declines to exercise its discretion under Rule 39(b) to relieve Plaintiffs of their jury trial waiver.

//

//

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion for leave to file a jury demand (Dkt. # 9).

Dated this 3rd day of May, 2019.

JAMES L. ROBART
United States District Judge