UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAULA SARDINAS, individually, and on behalf of her minor child, G.M.,<br><br>Plaintiffs,<br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>Defendants. | CASE NO. C19-0257JLR<br><br>ORDER ON PLAINTIFFS' MOTION TO AMEND COMPLAINT AND TO REMAND |

Before the court is Plaintiffs Paula Sardinas and G.M.'s (collectively, "Plaintiffs") motion for leave to amend their complaint and to remand. (Mot. (Dkt. # 17).) Defendant United Airlines, Inc. ("United") opposes the motion. (Resp. (Dkt. # 18).) Plaintiffs filed a reply. (Reply (Dkt. # 22).) The court has considered the parties' submissions, the

//

//

//

ORDER - 1

relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part Plaintiffs' motion.

## I. BACKGROUND

Plaintiff Paula Sardinas filed this action in state court on January 17, 2019 on behalf of herself and her minor child, identified as G.M. (*See* Compl. (Dkt. # 1-1) ¶¶ 3-4.) Ms. Sardinas alleges that United and members of its flight crew were negligent in failing to protect G.M. from a sexual assault that occurred on board a United Airlines flight and in failing to respond appropriately when she reported the sexual assault. (*See id.* ¶¶ 9, 11-13, 16.) Defendants removed the case to federal court on February 22, 2019, based on diversity jurisdiction. (*See* Not. of Removal (Dkt. # 1) at 3-5.) Plaintiffs are citizens of the State of Washington. (*See* Compl. ¶¶ 3-4.) United Airlines is incorporated in Delaware with its principal place of business in Illinois. (*See* Wallace Decl. (Dkt. # 2) ¶ 3.)

Plaintiffs move to amend their complaint to join 10 additional unnamed Doe defendants who Plaintiffs allege are United gate agents and King County, Washington residents (*see* Mot. at 5; *id.*, Ex. 1 ("Prop. Am. Complaint") ¶¶ 3, 6)) and to remand the case to state court because the newly joined gate agents would destroy diversity of citizenship (*see* Mot. at 9-10). Plaintiffs also move to add claims for breach of contract and intentional infliction of emotional distress. (*See id.* at 7-9; Prop. Am. Compl. ¶¶ 23-31.)

---

[1] Defendants request oral argument (*see* Resp. at 1), but the court determines that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

United opposes the motion and asserts that (1) Plaintiffs' joinder of the gate agents is fraudulent (*see* Resp. at 5-8), (2) that the gate agents are not necessary and indispensable parties (*see id.* at 8-9), (3) that fictitious Doe defendants cannot destroy diversity jurisdiction (*see id.* at 9-10), and (4) that Plaintiffs' proposed amendments would be futile (*see id.* at 10-12.)

## II. ANALYSIS

### A. Legal Standard Governing Plaintiffs' Motion to Add Non-Diverse Doe Defendants and Remand

Although motions to amend a complaint are ordinarily governed by Rule 15(a), a request to add a non-diverse defendant following removal is governed by 28 U.S.C. § 1447(e). *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Raifman v. Wachovia Sec., LLC*, No. C11-02885, 2012 WL 1611030, at *1 (N.D. Cal. May 8, 2012); *Greer v. Lockheed Martin*, No. C10-1704, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010) ("[W]hen a plaintiff amends her complaint after removal to add a diversity-destroying defendant, this Court will scrutinize the amendment pursuant to 28 U.S.C. § 1447(e)."). Section 1447(e) of Title 28 states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

*Id.*

"In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Plaintiffs, however, do not dispute that United properly removed this case. (*See generally* Mot.). Instead, Plaintiffs seek to join

defendants who, although unidentified by name, are identified by title and who Plaintiffs specifically allege are Washington residents. (*See* Prop. Am. Compl. ¶ 6; Mot. at 9-10.) Indeed, the entire basis of Plaintiffs' motion to remand rests on the alleged citizenship of the gate agents. (*See* Mot. at 9-10.)

The Ninth Circuit has "not conclusively addressed the appropriate treatment of fictitiously named defendants described with sufficient particularity to provide a clue as to their actual identity." *See Sandoval v. Republic Servs., Inc.*, No. 218CV01224ODWKSX, 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (citing *Wong v. Rosenblatt*, No. 3:13–CV–02209–ST, 2014 WL 1419080, at *4 (D. Or. Apr. 11, 2014) (recognizing that the Ninth Circuit has not yet resolved this question)). In *Sandoval*, the Central District of California cites a growing number of federal district court opinions determining that "when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as the company's agent, the court *should* consider the citizenship of the fictitious defendant." *Sandoval*, 2018 WL 1989528, at *2 (quoting *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995)); *see also Collins v. Garfield Beach CVS, LLC*, Case No. CV 17–3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. 2017). *Sandoval* determined that to consider a fictitious defendant's citizenship for diversity purposes, the complaint must provide a "definite clue" as to the defendant's identity. *See Sandoval*, 2018 WL 1989528, at *3-4. A complaint provides a "definite clue" where "an individual was specifically identified as performing a particular job function," *see id.*, at *4 (citing *Musial v. PTC All. Corp.*, No. 5:08CV-45R, 2008 WL

2553900, at *4 (W.D. Ky. June 25, 2008)), or where the complaint "provid[es] specifics regarding location, dates, and particular events, *see Sandoval*, 2018 WL 1989528, at *4 (citing *Collins*, 2017 WL 2734708, at *2).

There are compelling policy reasons to consider the citizenship of Doe defendants when they are described with sufficient detail, particularly when they are agents of a party. A contrary rule would allow defendants to remove cases they know are not properly removable because one of the unnamed defendants is the defendant's non-diverse agent. "As a matter of policy, it is unfair to force plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's identity and citizenship when [a corporate defendant] is in a position to know that information." *See Collins*, 2017 WL 2734708, at *2.

The court finds the reasoning in *Sandoval* persuasive and adopts it. Here, Plaintiffs' proposed amended complaint describes both the fictitious defendants' job titles and their citizenship. (*See* Prop. Am. Compl. ¶ 6 ("Defendants United Sea-Tac employee gate agents, John and Jane Does 11-20 are residents of King County, Washington.").) By doing so, Plaintiffs have provided a "definite clue" as to the gate agents' identity. Accordingly, the court considers the gate agents' citizenship. Because the gate agents are alleged to be Washington citizens, like Plaintiffs, their joinder would defeat diversity jurisdiction. Plaintiffs' motion specifically seeks to "amend [their] complaint after removal to add a diversity-destroying defendant," *see* 28 U.S.C. § 1447(e). Therefore, the court analyzes Plaintiffs' motion to join the gate agents under 28 U.S.C. § 1447(e).

//

1 | Section 1447(e) is permissive and "clearly gives the district court the discretion to deny [or permit] joinder." *See Newcombe*, 157 F.3d at 691. District courts in the Ninth Circuit consider six factors when determining whether to allow joinder of a non-diverse defendant under 28 U.S.C. § 1447(e): (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; and (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *See Parris v. Jacobs Eng'g Grp., Inc.*, No. C19-0128, 2019 WL 3219422, at *2 (W.D. Wash. July 17, 2019) (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Avacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)). "[W]hen a defendant alleges that a plaintiff seeks to join another defendant solely to destroy diversity jurisdiction, the Court may look at evidence outside of the pleadings." *See Parris*, 2019 WL 3219422, at *2 (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

**B.    The Six Factors**

    1. Rule 19(a)

The gate agents are not indispensable parties under Federal Rule of Civil Procedure 19(a) because the court could afford complete relief to Plaintiffs in their absence and they do not claim an interest relating to the subject action. *See* Fed. R. Civ. P. 19(a)(1)(A)-(B). Plaintiffs' claims (and proposed claims) against the gate agents are

all also alleged against United. Thus, because the gate agents are not subject to mandatory joinder under Federal Rule of Civil Procedure 19(a), this factor weighs in favor of denying Plaintiffs' motion to join the gate agents.

2. Statute of Limitations

Defendants do not allege that Plaintiffs would be barred under any statute of limitations from suing the gate agents in state court for the alleged conduct. (*See generally* Resp.) "Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because he could still theoretically seek relief from state court." *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015) (quoting *Graunstadt v. USS–Posco Indus.*, No. C10–3225, 2010 WL 3910145, at \*3 (N.D. Cal., Oct. 5, 2010)); *see also Clinco v. Roberts,* 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999)). Therefore, this factor weighs in favor of denying joinder.

3. Timeliness

Plaintiffs filed their motion to amend and remand on the deadline for joining additional parties. (*See* Mot. at 11; Sched. Order (Dkt. # 12) at 1.) Therefore, this factor weighs in favor of permitting joinder.

4. Whether Joinder is Intended to Destroy Diversity

Plaintiffs' motivation in seeking joinder of the gate agents appears intended to destroy diversity. Plaintiffs did not seek to add the gate agents until after this case was removed to federal court, based on the alleged violation of a contract Plaintiffs should have had access to when they filed this lawsuit. (*See* Mot. at 2-4; Prop. Am. Compl.

¶¶ 23-27.) Specifically, Plaintiffs allege that Ms. Sardinas purchased an unaccompanied minor service ("alleged UM Contract") provided by United (*see* Prop. Am. Compl. ¶ 7), but that in contravention of that contract, gate agents "failed to identify G.M. as an unaccompanied minor to the flight crew, among other breaches and failures" (*see id.* ¶ 20). Plaintiffs do not explain the "diligent investigation" they allege was required to discover the alleged UM Contract. (*See* Mot. at 2.)

Further, as discussed below, Plaintiffs have not articulated any viable claim against the gate agents, further supporting the conclusion that Plaintiffs seek to join the gate agents simply to destroy diversity. This factor weighs against permitting joinder of the gate agents.

5. <u>Whether Claims Against Non-Diverse Defendants Appear Valid</u>

Plaintiffs' proposed amended complaint appears to assert two claims against the gate agents: breach of contract and negligence. (*See* Prop. Am. Compl. ¶ 3 (alleging that the gate agents "engaged in acts of negligence and breach of contract").) Yet Plaintiffs do not allege that the gate agents were signatories to the alleged UM Contract or any other contract at issue. (*See generally* Mot.) Moreover, Defendants submit two declarations stating that the alleged UM Contract does not and cannot exist, because United did not offer its unaccompanied minor service to any minors above the age of 15. (*See* Smith Decl. (Dkt. # 20) ¶ 5, Ex. A ("UM Policy") (stating "[u]naccompanied minor service is not available for children ages 16 and older"); *id.*, Ex. B ("2/17/17 Contract of Carriage") (stating "[f]or minors age sixteen (16) and seventeen (17) for whom [United]'s Unaccompanied Minor service is not available, [United] will assume no financial or

guardianship responsibilities beyond those applicable to an adult Passenger."); *see also* White Decl. (Dkt. # 19) ¶ 5, Ex. B ("6/23/17 Contract of Carriage").) In reply, Ms. Sardinas testifies that she purchased unaccompanied minor service for G.M. but attaches as evidence only an electronic receipt that includes nothing about unaccompanied minor service and confirms that G.M. was listed as age "16-17." (*See* Sardinas Decl. (Dkt. # 24) ¶ 23.)[2] However, even if Plaintiffs were able to submit the alleged UM Contract, without an allegation that the gate agents are signatories, Plaintiffs would still have no viable breach of contract claim against the gate agents.[3]

Similarly, Plaintiffs articulate no viable negligence claim against the gate agents. Under Washington's independent duty doctrine, a party can bring a tort claim that overlaps with its contract claim only where the alleged injury "traces back to the breach of a tort duty arising independently of the terms of the contract." *Steinbock v. Ferry Cty. Pub. Util. Dist. No. 1*, 269 P.3d 275, 280 (Wash. Ct. App. 2011) (quoting *Eastwood v. Horse Harbor Found.*, 241 P.3d 1256, 1262 (Wash. 2010)). "The court determines whether there is an independent tort duty of care, and '[t]he existence of a duty is a

---

[2] Plaintiffs also submit a screenshot of a "Contract of Carriage Document" that states it was "revised January 18, 2019," years after Sardinas purchased G.M.'s ticket. (*See* Daheim Decl. (Dkt. # 23) ¶ 8, Ex. 1).) This document provides no evidence that Ms. Sardinas purchased the alleged UM service or that such service was possible at the time Ms. Sardinas purchased G.M.'s ticket. (*See id.*)

[3] United filed a surreply pursuant to Rule 7(g) in which it moves to strike the declarations attached to Plaintiffs' reply. (*See* Surreply (Dkt. # 26) at 1-2 (citing Local Rules W.D. Wash. LCR 7(g)).) The court finds that Plaintiffs' declarations are in strict reply to United's response, and DENIES United's motion to strike. Plaintiffs also filed a response to United's surreply. (*See* Resp. to Surreply (Dkt. # 27).) "No response [to a surreply] shall be filed unless requested by the court." Local Rules W.D. Wash. LCR 7(g)(4). Here, the court did not request a response to United's surreply. Therefore, the court STRIKES Plaintiffs' surreply as procedurally improper.

question of law and depends on mixed considerations of logic, common sense, justice, policy, and precedent.'" *Eastwood*, 241 P.3d at 1262 (internal quotation and citations omitted). The duties Plaintiffs assert the gate agents owed G.M. all fall under the alleged UM Contract. For example, Plaintiffs have failed to identify any authority that supports a tort duty that requires gate agents to specifically "identify" minors to flight crew (*see* Prop. Am. Compl. ¶ 20), call a minor "to the desk on the intercom system to meet the flight attendants who were supposed to be supervising" him or her (*see id.* ¶ 10), or to put an unaccompanied minor "on the reader board to direct her to the gate agents for further identification" (*see id.*). Plaintiffs have set forth no authority that these duties arise in tort, rather than from the alleged UM Contract.[4] Therefore, this factor weighs against permitting joinder.

    6. Prejudice

Because the court finds that Plaintiffs fail to state viable claims against the gate agents, it also finds that Plaintiffs will not be prejudiced if the court does not permit joinder. Moreover, even if Plaintiffs' claims against the gate agents were viable, any damages awarded to Plaintiffs could be satisfied by United because Plaintiffs allege the same claims against United.

//

//

---

[4] The remaining claim Plaintiffs seek to add, intentional infliction of emotional distress, involves allegations that take place entirely after G.M. boarded her flight, and do not involve the gate agents. (*See* Prop. Am. Compl. ¶¶ 28-31.)

7. Conclusion

Weighing the factors discussed above, the court finds the most significant factors are the fourth and fifth factors. The court concludes that Plaintiffs seek to join the unidentified gate agents primarily to destroy diversity and do not state viable claims against the gate agents. Accordingly, the court concludes that Plaintiffs should not be permitted to join the gate agents under 28 U.S.C. § 1447(e).[5]

**C.     Motion to Amend to Add Additional Claims**

Plaintiffs also move to add two claims against United: (1) breach of contract, and (2) intentional infliction of emotional distress ("IIED"). Plaintiffs' motion to add additional claims does not fall under 28 U.S.C. § 1447, but rather the more permissive standard set by Federal Rule of Civil Procedure 15(a)(2). *See* Fed. R. Civ. P. 15(a)(2).

A party may amend its pleading with the court's leave. *See id.* "The court should freely give leave when justice so requires." *See id.* This policy "is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Rule 15's permissive policy is not, however, without its limits, and the court must consider four factors that weigh against granting leave to amend: (1) bad faith, (2)

---

[5] United also argues that Plaintiffs' motion to join the gate agents should be denied on the basis of fraudulent joinder. (*See* Mot. at 5-9.) Fraudulent joinder exists when a sham defendant has *already* been named in a lawsuit. *See Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 406 (9th Cir. 2016) ("A defendant is fraudulently joined when 'plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'") (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Where, as here, a plaintiff seeks to *join* a non-diverse defendant, the plaintiff's motion is governed by 28 U.S.C. § 1447(e).

undue delay, (3) prejudice to the opposing party, and (4) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Not all of these factors are to be weighted equally. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden is on the party opposing amendment to show that they will be prejudiced by the court granting leave to amend. *DCD Programs, Ltd.*, 833 F.2d 183, 187 (9th Cir. 1987) (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

United does not assert that Plaintiffs' proposed amendment of claims will cause prejudice or undue delay. (*See generally* Resp.) However, United argues that Plaintiffs' amendment is asserted in bad faith and is futile. (*See id.* at 10-12.) Applying Rule 15(a)(2)'s permissive standard, the court disagrees.

As discussed above, the court has serious concerns that Plaintiffs' claims against the gate agents were brought simply to destroy diversity and are futile. *See supra* § II.B. Under Rule 15's permissive standard, however, the court cannot conclude the same for the breach of contract and IIED claims against United. Plaintiffs allege the existence of the UM Contract, allege that the contract required United to take certain actions, and that United failed to do so. (*See* Mot. at 5-9; Prop. Am. Compl. ¶¶ 7-8.) Although Plaintiffs do not submit evidence of an unaccompanied minor contract, the court is not in a position

//

//

//

to determine whether such a contract exists and cannot conclude at this early stage that the amendment was brought in bad faith or is futile.[6]

With regard to the IIED claim, the facts alleged took place after G.M. boarded her flight. (*See* Prop. Am. Compl. ¶¶ 28-31.) The burden of proof on an IIED claim is stringent. *See Lyons v. U.S. Bank Nat. Ass'n*, 336 P.3d 1142, 1151 (Wash. 2014) (explaining that a successful IIED claim "requires proof that the conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community") (internal quotations and citation omitted). While an IIED claim based on alleged facts that took place on board G.M.'s flight would be futile against the gate agents, the court cannot conclude the same for such a claim against the current defendants at this early stage.

Finding that Plaintiffs' motion to amend to add additional claims against the current defendants is timely, is not made in bad faith, and will not prejudice defendants, the court will allow Plaintiffs to amend their complaint to add claims for breach of contract and IIED against the current defendants.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs leave to amend their complaint to add claims for breach of contract and IIED against current defendants, DENIES Plaintiffs leave to amend their complaint to join additional defendants, and

---

[6] This conclusion does not change the court's analysis with regard to the futility of the breach of contract claim against the gate agents, who Plaintiffs have not alleged are signatories to the alleged UM Contract.

DENIES Plaintiffs' motion to remand this action to state court (Dkt. # 17). The court DENIES United's motion to strike contained in its surreply (Dkt. # 26) and STRIKES Plaintiffs' surreply (Dkt. # 27) as procedurally improper.

Plaintiffs shall file an amended complaint consistent with this order within 14 days of the date of this order.

Dated this 23rd day of September, 2019.

JAMES L. ROBART
United States District Judge