The Honorable Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAULA SARDINAS, individually, and on behalf of her minor child, G.M., <br><br> Plaintiffs, <br> v. <br><br> UNITED AIRLINES, a foreign corporation, JOHN and JANE DOES 1-10, <br><br> Defendants. | NO. 2:19-cv-00257-JLR <br><br><br> FIRST AMENDED COMPLAINT |

Come now Plaintiffs herein, by and through their attorneys of record, Julie A. Kays, and Samuel J. Daheim of Connelly Law Offices, and aver and allege as follows:

## I. PARTIES

1. Defendant United Airlines is a foreign for-profit corporation with its principal place of business in Chicago, Illinois. United is incorporated in Washington and has a registered agent for service, CT Corporation at 711 Capitol Way S Ste 204, Olympia, WA, 98501. United advertises flights out of Seattle, WA to over 40 destinations worldwide on its website. United and its agents/employees knew that it had a minor passenger aboard its flight, and decided to stick her in the back of the plane and turn the cabin lights off. United did

FIRST AMENDED COMPLAINT - 1 of 11

(NO. 2:19-cv-00257-JLR)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

nothing to protect her from the foreseeable sexual assault that took place on its flight, and afterward moved her a few rows up from the seat where she had been sexually assaulted mere moments prior.  United did not report the incident to proper authorities.

2. JOHN and JANE DOES 1-10 are members of the flight crew on United flight 1695.  Per representations made to G.M.'s family by United ground crew members at the Newark airport, the United 1695 crew was a Seattle-based crew.  The crew was negligent in several respects, including: seating G.M. in the middle of a dark, packed aisle at the back of the airplane; failing to observe or supervise G.M. to ensure her well-being in any manner; failing to respond appropriately when she reported the sexual assault; and in several other respects as well.  To Plaintiffs' knowledge, the crew is made up of residents of King and surrounding counties.

3. Plaintiff G.M. was a 16-year-old unaccompanied minor heading to Princeton University for a young women's leadership program on July 23, 2017, flying alone for the first time.  She and her parents placed their trust in Defendant United to ensure safe travel from on coast to the other.  G.M. was sexually assaulted on the flight, as she sat alone next to her perpetrator in the back of a crowded, dark plane.

4. Plaintiff PAULA SARDINAS is G.M.'s mother.  When G.M. called Paula from the Newark airport, Paula immediately booked a flight so that she could comfort and protect her daughter.  She also was the first to report the assault to law enforcement, which United somehow failed to do.  This was the first time G.M. had traveled alone, and the assault impacted the mother-daughter relationship insurmountably.  As most parents are, Paula had already been apprehensive to see her daughter go out on her own into the world.  She is now

FIRST AMENDED COMPLAINT - 2 of 11

(NO. 2:19-cv-00257-JLR)

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  terrified of what may happen to G.M. as she makes transitions into young adulthood and the
2  desire for independence it brings.

## II.  JURISDICTION AND VENUE

5. The events giving rise to this lawsuit occurred on a United Airlines flight out of SeaTac, WA. Venue is therefore proper in King County and this Court has jurisdiction over the subject matter pursuant to the Washington State Constitution.

## III.  STATEMENT OF FACTS

6. Paula Sardinas, G.M.'s mother, originally attempted to purchase her airline ticket online through United's website.  However, when inputting G.M.'s biographical information, she was stopped in that process and prompted to call a United Airlines representative to purchase the tickets because G.M. was a minor.  Paula called United and was connected with a United representative who explained that, because G.M. was a minor travelling alone, she would require an additional unaccompanied minor service provided by United for an additional charge of $150.00.  The service included extra supervision provided by United employees through the airport from security to the gate, as well as additional supervision once G.M. was on-board her flight.  The United representative also explained the G.M. would be highlighted as a minor on the flight manifest so that all United crew members would have that information from check-in throughout the flight.

7. Paula bought and paid for the additional service for $150.00, as it was well worth it considering the fear she had of her daughter travelling alone for the first time.  And the ticket confirmation receipt she received clearly indicated that "1 child (16-17)" would be the passenger.

FIRST AMENDED COMPLAINT - 3 of 11

(NO. 2:19-cv-00257-JLR)

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

8. On July 23, 2017, Paula Sardinas escorted her 16-year-old daughter, G.M., through the airport to the security checkpoint at the SeaTac Airport. This was the first time her daughter would be flying alone, and she wanted to make sure everything went smoothly. Once the two reached the security check point line, they said their goodbyes. Paula even snapped a few photos of G.M. as she stood in the security line with a TSA officer posing and G.M. rolling her eyes at her mother the way every teenager rolls their eyes at their parents when the cameras come out.

9. However, United did not live up to its end of the bargain. There was no heightened supervision for G.M. When G.M. went through security, Paula was by her side, until finally a TSA agent told her that G.M. would need to go through security alone. A TSA agent walked GM to the gate. But, once G.M. reached her gate, she was not then greeted by a United Sea-Tac employee gate agent who would provide additional supervision. She was not called to the desk on the intercom system to meet the flight attendants who were supposed to be supervising her as an unaccompanied minor. No United Sea-Tac employee gate agent put her name on the reader board to direct her to the gate agents for further identification. United Sea-Tac employee gate agents did nothing. In fact, G.M. was not acknowledged at all.

10. Once G.M. boarded the plane she was seated in her assigned seat toward the back of the aircraft, far out of eye and earshot from the areas where the flight crew would be. As the flight crew prepared the cabin for takeoff, the cabin lights were turned off.

11. United should have known not to place an unaccompanied minor passenger in a dark, crammed row at the back of the aircraft given the high numbers of sexual assaults that have occurred on flights. For example, Seattle resident Allison Dvaladze was sexually

FIRST AMENDED COMPLAINT - 4 of 11

(NO. 2:19-cv-00257-JLR)

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

assaulted on a Delta Airlines flight in 2016. The spike in numbers of sexual assaults occurring on flights was more than sufficient to alert United to the epidemic, having nearly doubled from 38 incidents in 2014 to 63 in 2017. In fact, a survey by the Association of Flight Attendants found that one in five flight attendants have reported hearing about passenger-on-passenger sexual assault while working a flight. United ignored the glaring danger of putting a vulnerable, unaccompanied young woman alone crammed in the middle of a dimly lit row in the back of the cabin, and the foreseeable assault was allowed to occur.

12. United has a special protective relationship with unaccompanied minors under which it owes a duty to take reasonable steps to avoid foreseeable harms, such as sexual assault. Instead, here, United chose to place G.M. into an easily-avoidable circumstance in which she was sexually assaulted.

13. An impressive young person, G.M. was headed to a young women's leadership conference at Princeton University. She had planned to try to sleep through the flight so that she could be well-rested once she arrived at Princeton the following morning. She quickly drifted off to sleep.

14. As she slept, the passenger next to her, Vijaykumar Krishnappa, began touching her knee with his fingertips. She didn't think too much of this; it was a small, cramped plane after all, and he appeared to be asleep. He then graduated to placing his entire hand on her knee. G.M. at this point began to feel trapped and afraid, as the cabin was pitch black, she didn't see any of the flight crew members nearby, and was afraid of what Krishnappa would do to her if she drew attention to what was happening. He then moved his hand from her knee to her upper thigh, which was pressed tightly against her other leg.

FIRST AMENDED COMPLAINT - 5 of 11

(NO. 2:19-cv-00257-JLR)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Krishnappa moved his hand between her legs and then began touching her vaginal area through her thin leggings. This is when she knew without a doubt what Krishnappa was doing as he began touching her stomach and pressing his hands into her vagina. She was being sexually assaulted and had no idea what she should do to stop it. She describes feeling sick and disgusted. She was afraid. She says that "[i]t felt like it must've been hours of him touching me when it was more likely minutes." She then felt his hand slide under her jacket and into the waistband of her thin leggings, which is when she summoned all of her courage, and confronted the man. She called out for a flight attendant.

15. The response of the United flight attendant to receiving the news that an adult male passenger sexually assaulted a minor female was disappointing to say the least. The flight attendant who was summoned responded by telling Krishnappa "not cool, dude" and moving G.M. just a few rows up from her assailant. She recalls feeling afraid, because she knew that Krishnappa could still see her. After G.M. was assaulted and reported the incident to the male flight crew member, United Airlines did essentially nothing to document, investigate, or report the assault. Instead, United made matters worse by placing the assailant just rows behind the victim, where she could feel him staring at her. She was scared, crying hysterically, wondering whether she was safe. The male flight attendant did nothing to comfort her or take corrective action, instead offering her a bag of peanuts. When the flight arrived, over four hours later, G.M. was confused when Krishnappa stood up and left the plane as if he had not sexually assaulted a minor mere hours earlier.

16. United Airlines did absolutely nothing to report the assault to the pilot or any form of law enforcement. United permitted Krishnappa to walk free from the plane. United

FIRST AMENDED COMPLAINT - 6 of 11

(NO. 2:19-cv-00257-JLR)

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

did nothing to even so much as ask the perpetrator a question or get a statement from him. G.M., terrified of what had happened and of seeing her assailant without the protection of anyone – certainly not United staff – called her mother in tears to tell her what had happened. It wasn't until G.M.'s mother was made aware of what had happened that law enforcement was notified. By then, the assailant had left the airport and, due to United's gross negligence, was not apprehended until the following day. Krishnappa was arrested, charged, and convicted of sexual assault and deported from this country.

17. After the assault, G.M.'s trauma continued as she sat and cried, entirely alone, with nothing but a bag of peanuts to comfort her. The event has made her daily life difficult. Not only was she not able to participate in the prestigious leadership conference to which she was headed, but she has continued to miss out on opportunities. Where she once was a normal, high-achieving high school student, she has now become an isolated assault victim. She did not participate in her normal social events this year, such as her school's annual homecoming dance. Instead, she opted to spend the evening alone, still traumatized by her assault and its aftermath. G.M. is constantly reminded of the helpless feeling she had during and after her assault. Her life will not ever be the same.

18. G.M.'s family has been forced to reconcile with what happened to her and the way she was treated by United. Paula, her mother, has felt the pain and agony that her daughter is going through. She has felt worried and fearful of what will happen to her every time she leaves the house. Moreover, Paula is constantly troubled with anxiety over how the adults in and around G.M.'s life will handle a situation and care for her daughter's safety if an issue should arise. She has had trouble feeling close to her daughter over the last year and has

FIRST AMENDED COMPLAINT - 7 of 11
(NO. 2:19-cv-00257-JLR)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

done nothing but her best to be there for her in this incredibly difficult time that no one, especially such young person, should have to go through.

## IV. FIRST CAUSE OF ACTION: NEGLIGENCE

19.     United, as a common carrier, owed a duty to G.M. to protect her from reasonably foreseeable harms.  United breached the duty of care owed to G.M. as set forth above and in other respects as well.  United failed to protect minor G.M. in its care from reasonably foreseeable harms, instead sticking her in the back of a cramped airplane, far away from anyone who could protect her, in a pitch black cabin.  United's employees failed to identify G.M. as an unaccompanied minor to the flight crew, among other breaches and failures. Because Defendants failed to exercise ordinary and reasonable care, they allowed G.M. to be sexually assaulted.

20.     As a direct and proximate result of the breaches set forth herein, G.M. was sexually assaulted.  She has suffered immense emotional, psychological, and physical harm as a result.   Additional damages suffered by G.M. include alienation, embarrassment, humiliation, setbacks in schooling, and loss of consortium with her parents and guardians. These and other damages are significant and ongoing.

## V. SECOND CAUSE OF ACTION: RCW 4.24.010, et. seq.

21.     G.M.'s mother, Paula Sardinas, brings claims pursuant to RCW 4.24.010-020 for loss of consortium with her daughter.  As a direct and proximate result of Defendants' negligence, Paula has suffered damage to the parent-child relationship.  The sexual assault of G.M. has caused immense harm and damage to the parent-child relationship.  These damages are significant and ongoing.

FIRST AMENDED COMPLAINT - 8 of 11
(NO. 2:19-cv-00257-JLR)

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

### VI. THIRD CAUSE OF ACTION: BREACH OF CONTRACT

22. G.M., by and through her biological mother, Paula Sardinas, contracted for unaccompanied minor services, which included additional and heightened supervision to ensure her safety throughout her journey.

23. Paula paid an additional $150.00 as consideration for these additional services.

24. As set forth in the fact section and in other respects as well, Defendants breached this contract by failing to take any action whatsoever to provide such services.

25. By and through Defendants' breach of contract, Plaintiff sustained significant and ongoing damages, such as psychological and emotional distress, anxiety, stress, and trauma in an amount to be proven at trial.

26. Plaintiffs hereby demand a jury on all issues of liability and damages necessary to prove the breach of contract.

### VII.   FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OR OUTRAGE

27. As set forth in the statement of facts section and in other respects as well, Defendants exhibited extreme and outrageous conduct where it and its employees acted failed to take any action whatsoever in response to the sexual assault. Upon learning of the sexual assault of G.M., Defendants failed to take any action whatsoever to apprehend the assailant, report the assault, or do anything whatsoever to investigate or document the sexual assault. Defendants permitted the assailant to walk freely from the plane as if nothing had happened.

28. Defendants' failures to take any action whatsoever in response to the sexual assault foreseeably resulted in the reckless infliction of emotional distress upon G.M.

FIRST AMENDED COMPLAINT - 9 of 11

(NO. 2:19-cv-00257-JLR)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    29.   Defendant's extreme and outrageous conduct actually resulted in severe emotional distress to G.M.

2    30.   Plaintiffs hereby demand a jury trial on all issues of liability and damages relating to their claim for Intentional Infliction of Emotional Distress or Outrage.

**PRAYER FOR RELIEF**

WHEREFORE, each Plaintiff requests judgment against Defendant:

(a)   Awarding each Plaintiff general damages, including loss of consortium, and special damages in an amount to be proven at trial;

(b)   Awarding each Plaintiff reasonable attorney's fees and costs as available under law;

(c)   Awarding each Plaintiff any and all applicable interest on the judgment;

(d)   Awarding each Plaintiff all other damages allowed under the law; and

(e)   Awarding each Plaintiff such other and further relief as the Court deems just and proper under the circumstances of this case.

DATED this 4th day of October, 2019.

CONNELLY LAW OFFICES, PLLC

By_____
Julie A. Kays, WSBA No. 30385
Samuel J. Daheim, WSBA No. 52746
Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT - 10 of 11
(NO. 2:19-cv-00257-JLR)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  **CERTIFICATE OF SERVICE**

2  I certify that I electronically filed the foregoing document with the Clerk of the Court

3  using the CM/ECF system which will send notification of such filing to:

4  Tamara K. Nelson   TNelson@mhlseattle.com

5  Christopher Campbell  CCampbell@mhlseattle.com

6  Dated October 4, 2019.

_____
Samuel J. Daheim

FIRST AMENDED COMPLAINT - 11 of 11

(NO. 2:19-cv-00257-JLR)

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax